IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY COLE, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|     vs. | )   Case No.  **3:11-cv-00725-JPG-PMF** |
| | ) |
| DR MAGID FAHIM, *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Ricky Cole's (Doc. 26) motion for summary judgment and Defendant Dr. Magid Fahim's (Doc. 30) response thereto. For the following reasons, it is recommended that Plaintiff's (Doc. 26) motion for summary judgment be denied.

### I.     FACTS

Plaintiff, Ricky Cole, is presently an inmate at Menard Correctional Center ("Menard"). On June 20, 2012, the Court summarized the relevant factual background of this case as follows:

> In May, 2010, Plaintiff alleges that he began complaining about an inguinal hernia[1] that was bulging out in his groin and causing pain in his "lower body area" (Doc. 1, pp. 4-5). Sometime after that, Plaintiff was examined by Dr. Pratt, Dr. Magda, and Dr. Fuentez (who are not named as Defendants), each of whom denied Plaintiff any pain medication or surgical remedies (Doc. 1, p. 4). On June 21, 2010, Plaintiff wrote to Defendant Fahim saying that "[t]he pain in [his] groin area has become . . . severe" (Doc. 1, p. 15). In this letter, Plaintiff also requested authorization to have corrective surgery for his hernia (Doc. 1, p. 15).
> On July 27, 2010, Plaintiff wrote to Defendant Shicker complaining of non-treatment of his hernia and requesting his assistance with obtaining surgery (Doc. 1, p. 11). Defendant Shicker responded on August 4, 2010, recommending

---

[1] "'An inguinal hernia occurs when tissue pushes through a weak spot in the groin muscle. This causes a bulge in the groin or scrotum.' Inguinal Hernia Symptoms, Causes, Repair/Surgery, WebMD (last visited June 18, 2012), http://www.webmd.com/digestivedisorders/tc/inguinal-hernia-topic-overview (last visited June 18, 2012)." Doc. 10 at 2 n.1.

1

>Plaintiff use the grievance process to remedy his situation (Doc. 1, p. 11). In this letter, Defendant Shicker also informed Plaintiff that "not all hernias need surgical repair" (Doc. 1, p. 11). Between May 7, 2010, and August, 2010, Plaintiff filed three grievances with Counselor Reardon and Grievance Officer Cowan, none of which were returned or addressed (Doc. 1, pp. 16-18). On December 15, 2010, Plaintiff wrote to Michael Randle (Director of IDOC) inquiring about an appeal of a grievance filed July 28, 2010 (Doc. 1, p. 19).
>
>>On February 13, 2011, Plaintiff was admitted to the local hospital in Chester, Illinois, apparently due to intestinal inflammation and urinary-tract blockage (Doc. 1, p. 14). However, he was sent back to the prison hospital the same day (Doc. 1, p. 14). The next day, Plaintiff was seen by Defendant Fahim who told Plaintiff there was "nothing he could do" (Doc. 1, p. 14). Defendant Fahim prescribed Plaintiff "a six-month supply of Ibuprofen 400 mg tabs," gave Plaintiff a "scrotum-supporter," and told Plaintiff, "'take it easy and stay off [your] feet'" (Doc. 1, pp. 5, 14). On February 18, 2011, Plaintiff filed a grievance requesting an "upper G.I. exam and surgery on [his] hernia" (Doc. 1, p. 13). This grievance was reviewed and denied on appeal on June 1, 2011 (Doc. 1, p. 9).
>
>>Since his initial screening, Plaintiff claims to have written to Defendant Larson "concerning the difficulties from [his] hernia"; however, Plaintiff has not discussed the content of Defendant Larson's response in his complaint (Doc. 1, p. 5). As of July 7, 2011, Plaintiff claims to be suffering from continuous pain that "stops only when [he's] lying on [his] bed" (Doc. 1, p. 5). Plaintiff further alleges that he can no longer exercise, and at times cannot walk because of the pain or must walk in a stooped position (Doc. 1, p. 5). In addition, he is unable to defend himself from possible assault, or stand or sit for extended periods of time because of the hernia (Doc. 1, p. 5).

Doc. 10 at 2-4.

## II.    PROCEDURAL HISTORY

On August 22, 2011, Cole filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Dr. Magid Fahim, Dr. Louis Shicker, and Dr. Dennis Larson.  On June 20, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 10.  In that order, the Court dismissed Defendants Dr. Louis Shicker and Dr. Dennis Larson. *See id.*  The Court found that Cole stated an Eighth Amendment (deliberate indifference to serious medical needs) claim against Dr. Fahim. *See id.*  On October 2, 2012, Cole filed the instant motion for summary judgment claiming that he is entitled to judgment as a matter of law in this case. *See* Doc. 26.

2


### III. DISCUSSION

Plaintiff Cole has moved for summary judgment. *See* Doc. 26. "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...". FED. R. CIV. P. 56(c)(1)(A).

The remaining claim in this case against Dr. Fahim is for deliberate indifference to a serious medical need. The Seventh Circuit has summarized the standard for such a claim as follows:

> A successful deliberate indifference claim is comprised of both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). First, an inmate must demonstrate that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir.2002). In the medical care context, this objective element is satisfied when an inmate demonstrates that his medical need itself was sufficiently serious. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.1997). A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir.2005). Notably, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir.2010). Second, an inmate must establish that prison officials acted with a " 'sufficiently culpable state of mind' " to support liability under § 1983. *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970). Although negligence or inadvertence will not support a deliberate indifference claim, an inmate need not establish that prison officials actually intended harm to befall him from the failure

to provide adequate care. *Walker*, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653.

*Roe v. Elyea*, 631 F.3d 843, 856-57 (7th Cir. 2011).

Cole has failed to cite to any materials in the record that would demonstrate that he is entitled to summary judgment on his deliberate indifference claim against Dr. Fahim. The (Doc. 26) motion for summary judgment should be denied on that basis. *See* FED. R. CIV. P. 56(c)(1)(A) (providing that a party asserting that facts cannot be disputed must support his assertion by citing to materials in the record (i.e. evidence)). In any case, Dr. Fahim has attached several exhibits to his response that more than adequately demonstrate that genuine issues of material fact exist to warrant denying Cole's (Doc. 26) motion for summary judgment. *See* Docs. 30 - 30-3 (submitting Cole's medical records and Dr. Fahim's affidavit to demonstrate that issues of fact remain as to Cole's deliberate indifference claim). The Court agrees that these materials adequately demonstrate that genuine issues of material fact remain, and the (Doc. 26) motion should be denied.

## IV. RECOMMENDATION

For the forgoing reasons, it is recommended that Plaintiff's (Doc. 26) motion for summary judgment be denied.

**SO RECOMMENDED.**

**DATED: December 19, 2012.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE