IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICKY COLE,

        Plaintiff,

vs.

DR. MAGID FAHIM,

        Defendant.

Case No. 11-cv-725-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 36) of Magistrate Judge Philip M. Frazier recommending the Court deny plaintiff Ricky Cole's ("Cole") motion for summary judgment (Doc. 26).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Cole filed an objection to the R & R (Doc. 30), and the Court will review the record *de novo*.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Cole brings his complaint pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. Magid Fahim ("Fahim") was deliberately indifferent to his medical needs. Specifically, Cole complains about Fahim's treatment of his hernia. Cole filed the instant motion for summary judgment alleging he is entitled to judgment as a matter of law on his deliberate indifference claim. Fahim responded, attaching numerous records, indicating that Cole has received treatment on several occasions. For instance, the records indicate that Cole received treatment for his hernia by prison medical staff and at a local hospital. Cole's objection attaches Fahim's answer to plaintiff's interrogatories and his own affidavit citing a case discussing treatment for

hernias.  However, these additional documents still fail to show that there is no genuine issue of material fact as to Cole's deliberate indifference claim.  To the contrary, the medical records suggest that Cole received attention and treatment on several occasions for his hernia.

Accordingly, after a *de novo* review, the Court **ADOPTS** (Doc. 36) the R & R and **DENIES** Cole's motion for summary judgment (Doc. 26).

**IT IS SO ORDERED.**

DATED:  January 28, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
